# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **JAMES ANTHONY JACKSON** | **CIVIL ACTION NO. 08-0543** |
| **LA. DOC #430636** | |
| **VS.** | **SECTION P** |
| | **JUDGE JAMES** |
| **MICHAEL STEWART, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

James Anthony Jackson, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, who is incarcerated at the Forcht-Wade Correctional Center, Keithville, Louisiana filed this *pro se* civil rights (42 U.S.C. §1983) complaint on April 16, 2008. Plaintiff alleged that he was the victim of excessive force while he was incarcerated at the Jackson Parish Correctional Center (JPCC), Jonesboro, Louisiana on March 31, 2008. He prayed for "... something to be done about this to prevent things like this from happening again..." and for a transfer to another facility. He named four defendants, all of whom are or were employees at the JPCC – Lt. Michael Stewart, Deputy Ty Garrett; Warden Dale Yelverton, and Major Jon Thomas. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED** as moot.

### *Statement of the Case*

On March 31, 2008, plaintiff was incarcerated at JPCC. That evening, he was escorted to the showers by Dy. Garrett. When he reached the showers, plaintiff realized that he had taken the wrong bag and requested permission to return to his cell to retrieve the appropriate bag. Garrett denied him permission and plaintiff asked to speak to Lt. Hall. Upon arrival at Lt. Hall's office, plaintiff

explained his dilemma. However, before Lt. Hall could respond, Lt. Stewart advised plaintiff that he would have to wait until his next turn to shower two days later.

Plaintiff requested an Administrative Remedies Procedure grievance.  Lt. Stewart laughed at plaintiff and advised him that there were no ARPs available.  Plaintiff then asked for a Request Form.  Lt. Stewart then told plaintiff to return to his cell.

As he was exiting the office, plaintiff asked the trustee to get an ARP for him.  Lt. Stewart approached from behind and asked plaintiff to repeat his request; before plaintiff could repeat the request, Stewart sprayed chemical spray into his face. A few minutes later, Stewart advised plaintiff that he could go shower.  A Sergeant escorted plaintiff to his cell to retrieve the correct shower bag and plaintiff showered.

When he returned to his cell plaintiff sat on his bed.  Garrett approached him and asked him why he was talking like a "smart ass."  Garrett tried to goad plaintiff into fighting, but plaintiff refused.  Garrett then struck plaintiff a blow to the face with his closed fist.  Garrett then propped plaintiff up against the wall and again attempted to goad him into fighting. Plaintiff refused. Garrett then approached him again and began attacking plaintiff with his closed fists.  Lt. Stewart then arrived on the scene and sprayed plaintiff with a chemical agent called "Fox."  Meanwhile, Garrett continued to strike plaintiff with his fists.  Finally, Garrett exited the cell and left plaintiff alone, blinded from the chemical spray and bleeding because of the physical assault.    Plaintiff began to hit on the cell door because he felt himself losing consciousness.  After five minutes, Lt. Stewart returned and directed plaintiff to back away from the door.  Plaintiff was then escorted to the showers by Dy. Kerry.  Plaintiff experienced vision problems; his eyes were swollen and burning from the chemical agent.

On April 1, 2008, plaintiff was examined by the nurse who obtained a history from the plaintiff and then rinsed plaintiff's eyes with medication and provided some additional pain medication. On April 2, 2008, plaintiff was taken to Major Thomas. Plaintiff advised Thomas that he wanted to file charges against the officers who attacked him. Thomas refused to cooperate. Plaintiff asked Inmate Counsel how to file charges; counsel instructed plaintiff but implied that filing charges would probably be a futile gesture.

Plaintiff sent a request to Captain Nash asking that charges be filed against his assailants. Nash approved his request the same day; however, according to plaintiff, no one has interviewed plaintiff concerning the events in question. Plaintiff also filed a request form with Warden Yelverton; however he claims that he has received no response from the Warden.

On April 15, 2008, plaintiff was transferred to the Forcht-Wade Corrections Center.

### *Law and Analysis*

### *1. Frivolity Review*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Plaintiff has set forth specific facts which he claims entitles him to a specific form of relief. He need not be afforded an opportunity to amend his complaint.

## 2. Injunctive Relief and Mootness

Plaintiff seeks only prospective injunctive relief – a nebulous request that "... something ... be done about this to prevent things like this from happening again..." and a more concrete request – a transfer to another facility. Within two weeks of the incident complained of, plaintiff was

transferred from the offending facility to the Forcht-Wade Corrections Center.

Since plaintiff is no longer incarcerated at JPCC , his complaint seeking only prospective injunctive relief is now moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001); see also *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991). The transfer of a prisoner out of an offending institution will generally render claims for injunctive relief moot unless he "can show either a 'demonstrated probability' or a 'reasonable expectation' that he will be transferred back to the facility." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir.2002) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)). See, *Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 n. 3 (5th Cir.1996) (Continued jurisdiction over a plaintiff's claims for prospective injunctive relief are appropriate only if there exists a reasonable likelihood that the plaintiff will again be subjected to the complained of unconstitutional actions.) The possibility that plaintiff may be transferred back to JPDC is too speculative to warrant relief. See *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir.1987).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** as **MOOT.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an**

**aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, May 20, 2008.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE